**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ebone Leroy East, | No. CV-23-00959-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| County of Riverside, et al., | |
| Defendants. | |

Before the Court is Defendant County of Riverside's ("Riverside") Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 43.). Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(2). (*Id.* at 1–2.) Plaintiff Ebone East responded, (Doc. 45.), and Defendant replied, (Doc. 47). Having considered the pleadings and relevant law, the Court will grant Defendant's Motion.

**I.    BACKGROUND**

This Motion stems from Plaintiff Ebone Leroy East's November 2022 Complaint. (Doc. 1-3.) Plaintiff filed a complaint for breach of duty, negligence, and fraud in Maricopa County Superior Court on May 8, 2023. On May 30, 2024, Defendant removed this case to federal court. (Doc. 1.) Plaintiff resides in Arizona and alleges that Defendant does business in Maricopa County. (Doc. 1-3 at 6.) Plaintiff also alleges that Defendant garnished his income from a settlement that was litigated in Maricopa County. (*Id*.) Plaintiff further alleges that Defendant inaccurately reported his payment history to credit reporting agencies, which resulted in him being denied a $667,500.00 home loan. (*Id.* at

10.)

Riverside is a California county. (Doc. 43 at 2.) Riverside County Department of Child Support Services ("RCDCSS") is a subdivision of the county. (Doc. 1-3 at 36.) RCDCSS brought child support enforcement actions against Plaintiff, which resulted in Plaintiff's full delinquent account balance being collected in a lump sum. RCDCSS used an income withholding order ("IWO") to collect Plaintiff's delinquent account balance. An IWO creates a lien on any payments owed to Plaintiff, requires the lien amount to be deducted from proceeds, and the sums forwarded to the "State Disbursement Unit" in West Sacramento, California. (Doc. 1-3 at 24.) Plaintiff disputes the validity of this IWO arguing the Child Support Case was paid in full in February 2020 from the proceeds of a Tender. (Doc. 45 at 3.)

Defendant argues that as a county located in California and organized under California's Government Code it lacks the required minimum contacts with Arizona to be subject to jurisdiction in Arizona. (Doc. 43 at 2.) Additionally, Defendant argues that even if the Court were to find Defendant's limited contact with Arizona satisfies the minimum contacts analysis, this lawsuit does not arise from those contacts. (Doc. 43.)

Plaintiff appears to argue that Defendant has sufficient minimum contacts with Arizona because RCDCSS issued an IWO on settlement payments from a Maricopa County Superior Court personal injury case. (Doc. 1-3 at 6.); *see also Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (court will liberally construe pro se pleadings). Additionally, Plaintiff argues that Defendant has appeared in court and therefore waived its right to contest personal jurisdiction.[1] (*Id.*)

## II.   LEGAL STANDARD

Prior to trial, a defendant may move to dismiss a complaint for lack of personal jurisdiction. *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977); Fed. R. Civ. P. 12(b)(2). Plaintiffs bear the burden of establishing personal

---

[1] Defendant's Motion is a jurisdictional question rather than a merits question. Accordingly, despite Plaintiff presenting merits arguments in his response, this Order does not address the merits of Plaintiff's claim.

jurisdiction. *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995). Where the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). In determining whether the plaintiff has met this burden, uncontroverted allegations in the plaintiff's complaint must be taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (cleaned up).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018). Arizona exerts personal jurisdiction to the "maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2(a); *see also A. Uberti and C. v. Leonardo*, 892 P.2d 1354 (Ariz. 1995) (analyzing personal jurisdiction in Arizona under federal law). Therefore, the analyses of personal jurisdiction under Arizona law and federal due process are the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).

Under the Due Process Clause, "[a]lthough a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citations and internal quotations omitted). A court may assert general or specific jurisdiction over a nonresident defendant. *Cybersell v. Cybersell*, 130 F.3d 414, 416 (9th Cir. 1997). General jurisdiction exists when the defendant has "continuous and systematic" contacts with the forum state, whereas specific jurisdiction exists when the controversy arises from or is related to the defendant's contact with the forum state. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414–16 (1984). The standard to establish general jurisdiction is an "exacting" one, as the defendant's contacts must be such that they "approximate physical presence" in the forum state. *Schwarzenegger*, 374 F.3d at 801.

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 283–84 (citations and internal quotations omitted). The court "employ[s] a three-part test to assess whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802. If the plaintiff satisfies the first two prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 492, 477 (1985)).

"A purposeful availment analysis is most often used in suits sounding in contract," while a purposeful direction analysis "is most often used in suits sounding in tort." *Id.*; *see also Brown v. Reese*, No. CV12-2003 PHX DGC, 2013 WL 525354, at *4 (D. Ariz. Feb. 11, 2013) ("[T]he Ninth Circuit has held that a district court should apply different jurisdictional tests to contract and tort cases."). When examining the sufficiency of a Defendant's contacts with the forum, courts must look to "those contacts leading up to and surrounding the accrual of the cause of action. Later events are not considered." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 849 (2020) (quoting 16 James Wm. Moore et al., Moore's Federal Practice § 108.42[2][a] at 55–56 (3d ed. 2011)); *see also Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987) ("[T]he fair warning that due process requires arises not at the time of the suit, but when the events that gave rise to the suit occurred."); *Harlow v. Children's Hosp.*, 432 F.3d 50, 61–62 (1st Cir. 2005) ("[C]ontacts must

1  generally be limited to those before and surrounding the accrual of the cause of action.").

## III. DISCUSSION

Defendant's Motion concerns whether the Court has personal jurisdiction over Defendant. (Doc. 43.) Plaintiff states that this Court has general jurisdiction over Defendant but provides no analysis. (Doc. 45 at 11) It is clear that Defendant is a political subdivision of a different state and Arizona does not have general jurisdiction over it. Therefore, the Court will focus its analysis on waiver, and whether the Court has specific jurisdiction over Defendant. For the reasons explained below, the Court finds Defendant did not waive its right to contest jurisdiction, and that the Court does not have jurisdiction over the Defendant.

### A. Riverside has not Waived its Right to a Personal Jurisdiction Defense.

Plaintiff argues that Defendant made a formal appearance before this Court, thereby waiving the ability to contest personal jurisdiction. (Doc. 45 at 8.) Plaintiff relies on *State ex rel. Dept. of Econ. Sec. v. Burton* 66 P.3d 70 (Ariz. Ct. App. 2003), to assert that Riverside waived its defense to personal jurisdiction. In *Burton*, a father residing in California requested the Arizona court to modify his child support. *Id.* He appeared telephonically at a hearing that he requested. *Id.* at 72. In its analysis the court stated that any action by a party, except for an objection to personal jurisdiction, constitutes a general appearance. *Id.* On appeal, the court ultimately found that "[b]y placing the issue of support before the Arizona court, Father submitted to the court's jurisdiction as to all issues concerning support, including its enforcement." *Id.* at 73.

Here, Defendant has not made any substantive motions regarding Plaintiff's cause of action. (Doc. 47 at 3.) These motions do not recognize Plaintiff's cause of action and a motion to dismiss is the precise action that the court in *Burton* specified would not constitute a general appearance. *Burton*, 66 P.3d at 72. Because Defendant has only filed two motions for extensions of time and a motion to dismiss, the Court finds Defendant has not waived its right to contest personal jurisdiction.

### B. Riverside is Not subject to Specific Personal Jurisdiction in Arizona.

Plaintiff claims the Court has *specific* jurisdiction over Riverside. Plaintiff's Civil Cover Sheet broadly alleges that "[t]he events, actions, or debts subject of this complaint occurred in Maricopa County." (Doc. 1-3 at 6.) It more specifically alleges that "Defendant[,] County of Riverside, withheld $11,142.00 from a personal injury case" that was litigated in Maricopa County Superior Court. (*Id.*) However, because Riverside challenges whether the Court has personal jurisdiction, the burden is on Plaintiff to show it exists. *Ziegler*, 64 F.3d at 473; *see also Amba Mktg. Sys. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977) ("[Plaintiff] could not simply rest on the bare allegations of its complaint, but rather was obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.") (cleaned up).

    1. *Purposeful Direction*

To satisfy this burden, Plaintiff must first show that Defendant "either (1) 'purposefully availed' [itself] of the privilege of conducting activities in the forum, or (2) 'purposefully directed' [its] activities toward the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (citing *Schwarzenegger*, 374 F.3d at 802). These are two distinct tests, with each applied in different circumstances. *Schwarzenegger*, 374 F.3d at 802.

Because Plaintiff alleges to bring causes of action as three intentional torts in the form of "breach of duty, negligence, and fraud[,]" the Court uses the "purposeful direction" test. *Id.*; *see also Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1149 (9th Cir. 2017) (noting that since "the claims at issue are premised on alleged tortious conduct[,] . . . the purposeful availment test does not apply[]"). Courts evaluate purposeful direction under the three-part "effects" test outlined in *Calder v. Jones*, 465 U.S. 783, 789 (1984). The *Calder* effects test requires the defendant to allegedly have (1) committed an intentional act, (2) that was expressly aimed at the forum state, (3) and caused harm that the defendant knows is likely to be suffered in or at the forum state. *Schwarzenegger*, 374 F.3d at 803.

Here, Defendant fails the first prong of the Calder effects test. The term "[i]ntentional act" has a specialized meaning in the context of the *Calder* effects test.

*Schwarzenegger*, 374 F.3d at 806. The word "act" "denote[s] an external manifestation of the actor's will and does not include any of its results, even the most direct, immediate and intended." *Id.* (citation omitted). "Intent" refers to "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Id.* An "intentional act" need not occur in this forum to qualify. *Id.*

Here, the only contacts that Defendant had with Arizona were through letters. Defendant sent letters to the insurance company to provide notice of the lien and a letter to Defendant to notify him the account was closed. Importantly, these contacts all relate to the act of collecting on overdue child support. These contacts have nothing to do with the basis of Plaintiff's claims, which all relate to Defendant's credit reporting. Plaintiff claims Riverside committed an "an intentional and [] willful act" when it knowingly reported incorrect debt, thereby affecting Plaintiff's credit report. (Doc. 45 at 18.) However, this credit reporting took place in California. Because the only intentional acts related to the claims took place in California, Arizona does not have jurisdiction.

Even if it could be inferred that the act of sending the letters was an intentional act, it is insufficient to show that Defendant purposefully directed its activities to Arizona for jurisdictional purposes. Further, Defendant's single act of garnishing wages from a personal injury settlement that happened to be in Arizona is also insufficient to show purposeful availment. Such a contact with the forum state is at best "'random,' 'fortuitous,' or 'attenuated.'" *Radial Spark LLC v. Talend Inc.*, No. CV-23-00653-PHX-SMM, 2023 WL 4105354, at *3 (D. Ariz. June 21, 2023) (quoting *Rudzewicz*, 471 U.S. at 475–76).

Because Plaintiff fails to show Defendant committed an intentional act by providing an accurate report to any credit reporting agency, the Court need not address the *Calder* effects test's other two elements. *Schwarzenegger*, 374 F. 3d. at 807 n.1. The Court also need not address the other two prongs of the minimum contacts test. *Ariz. Sch. Risk Retention Tr., Inc. v. NMTC, Inc.*, 169 F. Supp. 3d 931, 936 (D. Ariz. 2016) (concluding the plaintiff failed to meet its burden with respect to the first prong of the specific personal jurisdiction test, the Court did not address the issues involved with whether the second and

third prongs have been met).

## IV. CONCLUSION

Plaintiff has not shown that this Court has general or specific personal jurisdiction over Defendant. Defendant's sole contact with Arizona, the garnishing of wages from an Arizona personal injury case, are unrelated to Plaintiff's claims. The lack of minimum contacts, or any meaningful connection to this forum, thereby requires that Defendant be dismissed from the case.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss for lack of personal jurisdiction (Doc 43.) is **granted** with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment consistent with this Order and terminate this case.

Dated this 8th day of March, 2024.

*[signature]*

Honorable Susan M. Brnovich
United States District Judge